THE STATE, DEFENDANT IN ERROR, v. HERMAN A. GLATZMAYER, PLAINTIFF IN ERROR.

Argued November 4, 1909—Decided March 4, 1910.

1. Where the examination in chief elicits part of a conversation the other side is entitled on cross-examination to find out whether that was all of the conversation, and, in general, to have other relevant parts thereof.

2. Where a statement that is testified to in chief admits of two inferences, it is the proper function of cross-examination to eliminate, if possible, that inference or impression that was unfavorable to the party against whom the testimony in chief was given.

On error to the Essex Sessions.

The plaintiff in error was indicted for the unlawful use of instruments with intent to cause the miscarriage of a pregnant woman. He was indicted and tried together with a Mrs. Z., at whose house the unlawful act was said to have been performed. The undisputed facts were that Miss V., the woman upon whom the instruments were used, was met at the railroad station in Newark by Sarah M. Dodge, and that the two women, accompanied by a man, went to the office of Dr. Glatzmayer, the plaintiff in error. From the doctor's office the women went to the house of Mrs. Z., where about an hour later Dr. Glatzmayer came and used instruments in the uterus of Miss V.

The theory of the state was that the testimony as to subsequent events and conditions established that the instruments were used to cause a miscarriage; the defence was that a miscarriage had already taken place when Miss V. came to the office of the plaintiff in error, and that the instruments were used by him to remove from the womb clots and membranes that were keeping up a hemorrhage.

Miss Dodge was called as a witness by the state and testified as to the visit at the doctor's office before going to the

house of Mrs. Z. Among other things, she was asked by the prosecutor:

"*Q.* Did you and Miss Vliet go anywhere from the doctor's office?

"*A.* To. Mrs. Zahn's.

"*Q.* Did you get any information from anyone as to how to get from Dr. Glatzmayer's office to Mrs. Zahn's place?

"*A.* The doctor.

"*Q.* Just answer that, yes or no?

"*A.* Yes, sir.

"*Q.* From whom?

"*A.* The doctor.

"*Q.* Dr. Glatzmayer?

"*A.* Yes, sir."

On cross-examination the witness was asked the following questions, all of which were overruled and exceptions allowed to the plaintiff in error:

"*Q.* Was there any suggestion before you left the office that Miss Vliet should go· to the hospital?

"*Q.* Did the doctor make any suggestions as to where Miss Vliet should go?

"*Q.* What else was said?

"*Q.* And was it at your suggestion that you went to Mrs. Zahn's?"

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Wilbur A. Mott,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. In overruling the questions put on cross-examination the trial court committed error that was injurious to the defendant. The testimony elicited by the state

from the witness on her examination in chief. was that she and Miss V. went from the defendant's office to the house of Mrs. Z., and that they got the information as to how to get there from the doctor. This testimony was relevant to the state's case only in so far as it raised the inference that the defendant had sent or directed the women to go to Mrs. Z.'s house. If he had so directed them, then the claim that he immediately came there and performed an unlawful operation, which, on the state's theory, he could not have performed at a hospital or other place not selected by himself, was rendered far more probable than it would have been if Mrs. Z.'s house were not of the doctor's selection or suggestion; while if the doctor's suggestion was that Miss V. be taken to a hospital, that circumstance so strongly militated against the state's theory as to be essential to the fair trial of the defendant. The cross-examination went, therefore, to a vital point.

Two rules of evidence were violated by the overruling of this cross-examination:

*First.* That where the examination in chief elicits part of a conversation the other side is entitled on cross-examination to find out whether that was all of the conversation, and in general to have other relevant parts thereof; and

*Second.* That where a statement that is testified to in chief admits of two inferences, it is the proper function of cross-examination to eliminate, if possible, that inference or impression that is unfavorable to the party against whom the testimony in chief was given.

For the trial error thus indicated, the judgment of the sessions must be reversed and a *venire de novo* awarded.