### UNITED STATES v. PENN.
### No. 7389.

Circuit Court of Appeals, Seventh Circuit.

Oct. 25, 1940.

---

[1] Anderson v. P. W. Madsen Inv. Co., 10 Cir., 72 F.2d 768, 771; Perry v. Page, 1 Cir., 67 F.2d 635; Roth v. Baldwin 64 App.D.C. 90, 74 F.2d 1003.

George W. Sprenger, of Peoria, Ill., for appellant.

Howard L. Doyle, U. S. Atty., of Springfield, Ill., George R. Kennedy and Marks Alexander, Asst. U. S. Attys., both of Springfield, Ill., and Baird V. Helfrich, Asst. U. S. Atty., of Peoria, Ill., for appellee.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

This appeal arises out of the trial and conviction of the defendant who was charged by indictment with seven specific violations of Sections 2726 and 3261(b), Title 26 U.S.C.A. Int.Rev.Code. Defendant was found guilty on five counts of the indictment each of which charged unlawful possession of "a single barreled shotgun having a barrel of less than eighteen inches in length" without having complied with specified requirements of the Internal Revenue Code.

■ The firearm in question was discovered during a search of defendant's premises by four officers of the Peoria Police Department of Peoria, Illinois. The officers found the gun in a closet leading off of the dining room, which was one of the four rooms occupied by defendant as a residence. Defendant testified that the gun had belonged to his brother who had occupied the premises before his death some years prior to defendant's arrest. Defendant did not deny that the gun had been in the closet during his occupancy of the premises for a period of about three years and that he had used the closet. Consequently, the evidence was ample to support the charge that the defendant had the gun in his possession. The evidence establishes

that the defendant did not comply with the provisions of the Internal Revenue Code, and in fact the defendant does not contend that he did.

Defendant's case on appeal may be summarized accurately as follows: (1) The court, over the objection of the defendant, admitted testimony which was incompetent and prejudicial, which suggested other crimes and had no relation to defendant's guilt; (2) the government failed to prove that during the time the gun was in the possession of the defendant it was of the same length as charged in each count of the indictment.

One of the Peoria officers testified that he entered the garage on defendant's premises and "saw a lot of tires." Defendant complains that this was prejudicial, apparently, on the assumption that the jury would infer that the tires were stolen property. The court, however, sustained defendant's motion that the statement of the police officer be stricken.

■■ If the testimony of the police officer respecting tires had been prejudicial it is clear that the action of the court was sufficient, as a matter of law, to cure that prejudice. In view of the innocuousness of the testimony we are unable to see anything prejudicial in it; and it would be pure speculation to conclude that the jury understood that the testimony indicated that the tires had been stolen.

■ The only other testimony which defendant urges was prejudicial was testimony of one of the police officers to the effect that a suit case containing a casket carrier was found in the closet in which the gun was discovered and that subsequently the casket carrier was released to railroad officials from Morton, Illinois. It was clearly proper to permit the police officer to name all the articles which were found in the closet for the purpose of disclosing fully the circumstances surrounding the discovery of the gun. Defendant does not raise any objection to statements by the policeman that a second shotgun was found; also, some slot machines, and some clothing of defendant's deceased brother. Apparently defendant's objection is directed to that part of the testimony which disclosed the subsequent disposal of the casket carrier by release [1] to railway officials. Defendant

sees prejudice in the fact that the impression would be created that there were "stolen goods in the garage and home of the defendant-appellant."

Defendant testified that all the articles in the closet, except the standard shotgun, had belonged to his brother, and that he had not examined or done anything with any of the articles. There was nothing in the government's presentation of its case, either in the evidence or in argument, which questioned the foregoing. The case of the government was presented to the jury on the assumption that it was immaterial how the sawed-off shotgun came into the possession of the defendant; and counsel for the government emphasized over and over that the charge against the defendant was possession of the sawed-off shotgun without having complied with statutory requirements. Counsel for defendant in his argument to the jury contended that the possession of the shotgun by the defendant "was not a possession that required a tax" and that that was the defense in the case.

■ We cannot say that the language was prejudicial per se, and in view of the clear limitation by government counsel of the case to the one question of unlawful possession of the shotgun and the absence of any suggestion to the jury that the defendant was responsible for the presence of the casket carrier in the closet, we find no justification for an inference that the jury was prejudiced by the testimony in question.

In support of his contention that the United States did not prove that the barrel of the gun in question was under eighteen inches in length when found in the home of the defendant, the defendant contends that there was no evidence of the length of the gun when it was found, and that there was a lack of evidence as to what happened to the gun during the period between its seizure and the trial.

The gun in question was seized by the police officers of Peoria and later turned over to an officer of the United States who testified that he received the gun from the superintendent of police to whom he gave a receipt. This officer testified that the gun barrel was less than eighteen inches in length at the time it was turned over to him by the superintendent of police of Peoria.

---

[1] The witness testified that the contents of the suit case were "identified" by the railroad officials and were "released" to them. The word "identified" was stricken by order of the court.

An officer who was present when the gun was seized testified at the trial that it was then in the same condition that it was in when it had been taken out of the closet in defendant's residence.

The length of the barrel at the time of the trial was less than eighteen inches; and since there was undisputed evidence that the gun had not been changed since its seizure, it cannot be said that the United States failed to prove the length of the barrel at the time of the seizure.

Defendant-appellant fails to show any error in the record and the judgment of the trial court is affirmed.