## GIORDANO v. UNITED STATES.
## STERN v. UNITED STATES.
### No. 10966, 10967.

United States Court of Appeals
Sixth Circuit.
Dec. 11, 1950.

Russell G. Mock, Youngstown, Ohio for appellant Giordano.

P. J. M. Hally, Detroit, Mich., for appellant Stern.

Vincent Fordell, Detroit, Mich. (Edward T. Kane, and Joseph C. Murphy, Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

In a criminal prosecution wherein both appellants were convicted for violation of the National Stolen Property Act, Title 18 U.S.C.A. § 415 [now § 2314] by transporting stolen furs in interstate commerce from Youngstown, in the State of Ohio, to Detroit, Michigan, the principal error assigned was the admission in evidence of a Smith & Wesson revolver and a box of cartridges, and repeatedly commented upon by the United States Attorney not only in his opening statement but throughout the trial. While the record shows that the furs were stolen in a burglary committed in Youngstown, the appellants are not charged with the theft. There is nothing to connect the revolver with it and the appellants were not charged with any violation of law in failing to register the weapon or in unlawfully transporting it. It appears in the evidence of government witnesses that the revolver was new, was in its original package, covered with grease and wrapped in cellophane or oiled paper. There was also testimony that the weapon had been purchased upon a date subsequent to the stealing of the furs. In this situation the only questions for the jury involved transportation in interstate commerce and knowledge on the part of the

defendants that the transported furs were stolen. The presence of the revolver in the suitcase containing the furs was of no assistance whatsoever to the jury in deciding either issue, and it is settled law that proof of another offense is inadmissible unless it bears upon the question of guilty knowledge or evidences a technique or course of conduct in violating the law.

This case comes squarely within our decision in Brubaker v. United States, 6 Cir., 183 F.2d 894, decided August, 1950. Both that case and this are easily distinguishable from Banning v. United States, 6 Cir., 130 F.2d 330, wherein it was said that weapons, even if not identified as those actually used but were similar to those used and permitted an inference of their having been used, were held admissible to show that the accused had them for the purpose of overcoming his victim or to show a design or plan, the carrying out of which required their use. There is here complete absence of any evidence to show that any weapon was used in the commission of the burglary. There can be little doubt that evidence of the possession of a revolver in the hands of one accused of crime is prejudicial, as we stated in the Brubaker case.

Reversed and remanded for new trial.