**UNITED STATES v. FREEMAN.**

No. 10753.

United States Court of Appeals
Seventh Circuit.

April 10, 1953.

Benjamin G. Cox, Terre Haute, Ind., for appellant.

Marshall E. Hanley, U. S. Atty., E. Andrew Steffen, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

This is a prosecution under an indictment returned by the grand jury on September 12, 1952, to the United States District Court for the Southern District of Indiana, Terre Haute Division, charging defendant with failing to comply with the requirements of the Internal Revenue laws of the United States relating to the registration of firearms, in that he did unlawfully fail to register with the Collector of Internal Revenue for the District of Indiana, in accordance with 26 U.S.C.A., § 3261(b), a certain firearm he possessed on or about April 29, 1952, at Terre Haute, Indiana, and which was required to be registered under said section of the Act. The gist of the offense charged in the indictment is the possession of a firearm and the failure to register the same.

Defendant entered a plea of not guilty, waived trial by jury, and after a trial by the court was found guilty on October 2, 1952. He was sentenced to the custody of the Attorney General for a period of one year. This appeal is from that judgment.

At the close of the case for the government, defendant presented and filed a written motion for judgment of acquittal. The motion was overruled. Defendant renewed his motion for judgment of acquittal at the close of all the evidence. The court again overruled the motion.

Defendant contends that: (1) the trial court erred in overruling his motions for judgment of acquittal at the close of government's evidence and again at the close of all the evidence, because there is no evidence in the record to prove that defendant was ever possessed of a firearm required to be registered under 26 U.S.C.A. § 3261(b). Defendant claims the gun found on him is not a firearm as defined in 26 U.S.C.A. § 2733, which defines the term "firearm" as used in § 3261(b) of the Act; (2) he also claims error by the trial court in admitting in evidence, over his objection, and to his prejudice, a razor and a pocket knife found on him at the same time.

At the outset of the trial, the following stipulation signed by the United States Attorney, by the defendant, and by his counsel, was read into evidence:

"Comes now the United States of America, by Marshall E. Hanley, United States Attorney, and comes now the defendant in person, and by Benjamin G. Cox, his counsel of record herein, and for the purpose of the trial of this case hereby stipulate and agree to the following facts as evidence in this cause, to wit:

" '1. That the official Firearms Registration Records of the Bureau of Internal Revenue, at Washington, D. C., wherein are kept the records of firearms registration and transfers for the Collection District of Indiana, contains no record of any registration or transfer in the name of the defendant, James Edward Freeman, of a certain weapon referred to in the indictment and to be offered in evidence herein, and described in the indictment as a single shot, bolt action, .22 caliber, Hamilton rifle No. 51, having a barrel length of 3⅞₆ inches, more or less.' "

The only evidence before the court besides the stipulation was that introduced by the government and established these facts: On April 29, 1952, two police officers of the City of Terre Haute, Indiana, were riding in a squad car in that city. At 7:30 A.M., they received a radio call to go to the Gerstemeyer Technical High School to investigate a disturbance, where it was reported a man was carrying a gun. As they entered the school they noticed defendant in the act of leaving the building. The principal of the School pointed to defendant and said: "That is the man." The police officers took defendant to the dean's office in the school. While there one of the officers, in searching for the weapon, struck defendant's left thigh and a gun, concealed on his person, was discharged. Defendant was shot by the discharge of the gun. On his person, in addition to the gun, were found gov's. ex. 2, a sheath containing a straight razor, and gov's. ex. 3, an open pocket knife. Defendant was then removed to the Union Hospital under police guard, and while there was placed under arrest. The official Firearms Registration Records of the Bureau of Internal Revenue, contains no record of any registration in the name of defendant, of the weapon described in the indictment. One of the police officers described the gun as a single action, single shot gun and that it had been discharged.

Under 26 U.S.C.A. § 2733, which is part of the National Firearms Act, we find the following definition of firearms: "* * * The term 'firearm' means a shotgun or rifle having a barrel of less than eighteen inches in length, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person * * * but does not include any rifle which is within the foregoing provisions solely by reason of the length of its barrel if the caliber of such rifle is .22 or smaller and if its barrel is sixteen inches or more in length."

26 U.S.C.A. § 3261(b), pertaining to registration, reads as follows:

"Persons in general. Every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment * * *. Provided, That no person shall be required to register under this subsection with respect to any firearm acquired after July 26, 1934, and in conformity with the provisions of this part and subchapter B of chapter 25."

Answers to the following questions will be decisive of the points raised.

(1) Is government's exhibit 1 a firearm within the meaning of the National Firearms Act, 26 U.S.C.A. § 2733 and § 3261(b)? and, (2) did the District Court commit error in admitting in evidence government's exhibits 2 and 3, the razor and pocket knife, respectively?

We will first consider the error claimed under question number two, above mentioned.

In his brief, defendant says he was not arrested when gov's. exhibits 1, 2 and 3 were discovered by the city police officers. The record shows he was actually under police restraint at that time and in the Un-

ion Hospital, where he was taken after he was shot by the explosion of the gun in his pocket. He was arrested later on the same day, April 29, 1952. Defendant admits, in his brief, that he had possession, on April 29, 1952, of gov's. exhibits 1, 2 and 3, being the gun in question, the sheath containing the straight razor, and the pocket knife, respectively. He also admits that the Official Firearms Registration Records, for the Collection District of Indiana, contain no record of registration or transfer, in his name, of the gun introduced as gov. ex. 1.

Defendant objected to the admission in evidence of the sheath with the straight razor, and the pocket knife, found on him at the same time the gun was taken from his pocket by the police officer. Although when the gun was found on his person, he suggested to the officer "might as well take the rest of it," referring to the razor and pocket knife. The trial court overruled his objection and admitted the articles in evidence.

■ Their admittance was proper as part of the *res gestae*. Crapo v. United States, 10 Cir., 100 F.2d 996–1001; United States v. Penn, 7 Cir., 115 F.2d 672–674. In the Crapo case, involving charges of unlawful possession of firearms under the same Act as in the instant case, the court said:

"It is urged that error was committed in the admission of the articles other than the shotgun found in the automobile and evidence that the automobile had been stolen. The facts with respect to the other articles found in the automobile were so interwoven with the facts respecting the firearm as to constitute part of the *res gestae*."

And in the Penn case, involving sec. 3261 (b), the court states:

"It was clearly proper to permit the police officer to name all the articles which were found in the closet for the purpose of disclosing fully the circumstances surrounding the discovery of the gun."

Defendant further contends that the trial court committed error in deciding that gov's. ex. 1 is a firearm within the meaning of the National Firearms Act. He claims that the exhibit is a pistol. The government urges that the exhibit is a firearm, either a rifle of limited and unconventional barrel length, or "any other weapon," the possession of which required registration by defendant under the Act.

If the exhibit is a firearm it should have been registered under the Act; if it is a pistol, it is excepted from such registration.

Defendant cites many cases in various State Courts, defining in generic terms what is a pistol and what is not a pistol under those various state statutes. Those citations are not necessarily persuasive of what a pistol may be under federal law.

After a thorough and painstaking trial, the District Court made the following findings:

"It is the finding of this court that the weapon in issue in this case, I believe it is gov. ex. 1, is a weapon from which a shot may be discharged by an explosive, and which weapon is capable of being concealed on the person. It is the opinion of this court that it is not a rifle, nor pistol, within the meaning of this Act. Generically speaking, it is the opinion of this court that Congress intended to have reference to rifles and pistols in their form as an original finished product when sold, leased or transferred."

In his brief appellant claims that inasmuch as the weapon with the possession of which, without registration, the defendant is charged, is in the record as an exhibit, this court is equally as able, as was the trial court, to determine whether or not the weapon is within the letter and spirit of the National Firearms Act.

■ An examination of the exhibit leads us to the conclusion that the gun is a firearm within the meaning of the National Firearms Act, and that it should have been registered under sec. 3261(b) of that Act.

■ Defendant complains of the trial court's action in overruling his motions for judgment of acquittal at the close of the government's evidence and again at the close of all the evidence. He alleges other

errors, but they all relate to the sufficiency of the evidence to support the judgment of the court. It will thus be seen that our duty is limited to a determination of whether there is any substantial evidence to sustain the trial court's judgment. A careful study of the record leads us to the conclusion that there was sufficient evidence, together with all reasonable inferences to be drawn therefrom, to warrant the District Court in entering the judgment it did. Defendant fails to show any error in the record.

Judgment affirmed.