**UNITED STATES of America**
**v.**
**Theodore Anthony WOST.**
**Cr. No. 22124.**

United States District Court
N. D. Ohio, E. D.
Feb. 8, 1957.

Sumner Canary, Dist. Atty., Cleveland, Ohio, for plaintiff.

Charles M. Kelly, Louis A. Beery, Akron, Ohio, for defendant.

WEICK, District Judge.

The indictment returned by the Grand Jury charged the defendant with possession of a Worthington 12 gauge double-barreled shot gun, with a nine inch barrel, without having registered said firearm with the Secretary of the Treasury or his delegate in violation of Title 26 U.S.C.A. § 5841.

This statute provided:

"Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with."

Defendant entered a plea of not guilty to the indictment, waived a jury trial and was tried by the Court.

Defendant is a 67 year old retired rubberworker living in the outskirts of Akron. He came to this country in 1910 from Lithuania, enlisted in the United States Army in World War I and served overseas in France. He has never been in trouble before.

He testified that he had purchased the shotgun from his neighbor, a Mr. Greenwald, about 10 years ago; that he sawed off the barrel 4 or 5 years ago because it was too long; that he kept the shotgun in a drawer in his home and has never used it since he sawed off the barrel.

Defendant did not dispute having the shotgun with its barrel sawed off to nine inches in his possession or that he had not registered it with the Secretary of the Treasury or that he had not filed papers as a maker.

He testified that he did not know that his possession of the sawed off shotgun was a violation of the law.

Harry Goldberg, an investigator for the Alcohol and Tobacco Tax Division of the Internal Revenue Service, testified as to his interview with defendant after he had been arrested by the Akron police, which was substantially as related by defendant on the witness stand.

Section 5848, Title 26 U.S.C.A., defines a firearm as a shotgun or rifle hav-

ing a barrel of less than 18 inches in length.

Section 5861, Title 26 U.S.C.A., makes it an offense to violate any of the provisions of the Act and prescribes the punishment.

Under the provisions of Section 5841 scienter was not a necessary element of the offense.

 It was sufficient for the Government merely to prove possession of the firearm by defendant. This the Government did by the testimony of Mr. Goldberg and by defendant's own admission on the witness stand.

Defendant contends that the last sentence of Section 5841 made the statute inapplicable to him.

■ The shotgun did not become a firearm under this law until defendant sawed off the barrel. He, therefore, cannot claim under a transfer or importation of the weapon because he was the maker thereof.

This leaves only the question whether the statute exempted defendant as the maker.

In order to be exempted as a maker under Section 5841 it was necessary that the provisions of the chapter relating to the making of such firearms be complied with.

Sections 5821 and 5811 of Title 26, U.S.C.A., levy a tax in the amount of $200 upon the making of such firearm by a person not engaged in the business of making them.

■ The tax admittedly was not paid by defendant. Hence, the second sentence of Section 5841 does not exempt him from the operation of the section.

■ Under the undisputed evidence, the Court finds that defendant is guilty as charged in the indictment.

■ The evidence concerning defendant's ignorance of the law, lack of criminal intent, service in the army and his past good record, while not constituting any defense to the charge in the indictment, may be considered by the Court in mitigation of the sentence.

The case will be referred to the Probation Department for presentence investigation and report and the bond of the defendant will be continued.