**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Stoy DECKER and Robert Matthew Cox,**
**Defendants-Appellants.**

**No. 14436.**

United States Court of Appeals
Sixth Circuit.

June 27, 1961.

Ralph H. Logan, Louisville, Ky., for defendant-appellant, Hardy and Logan, of counsel.

Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee, William B. Jones, U. S. Atty., Louisville, Ky., on the brief.

Before MARTIN, McALLISTER and WEICK, Circuit Judges.

WEICK, Circuit Judge.

Cox and Decker were convicted by a jury in the District Court on an indictment charging them, in the first count, with conspiracy to possess a firearm required to be registered with the Secretary of the Treasury which had been transferred in violation of law, and, in

other counts, with the substantive offense of possession of said firearm. Title 18 U.S.C. § 371; Title 26 U.S.C. §§ 5841, 5851.

The weapon in question was a tear gas gun. The difference between this gun and the conventional tear gas pencil is that the pencil usually fires a much smaller container of gas. There was no question but that the weapon had not been registered with the Secretary and had been transferred without payment of the tax.

Cox admitted at the trial that he was the owner of and in possession of the tear gas gun. The evidence disclosed that Cox, Decker and others met at a bar in Louisville, Kentucky and assaulted one Lloyd Alexander. Cox fired the tear gas gun in Alexander's face.

 The principal question raised in the appeal was whether the tear gas gun was a firearm within the meaning of the statute.

The term "firearm" is defined by the statute as follows:

"For purposes of this chapter—

"(1) Firearm.—The term 'firearm' means a shotgun or rifle having a barrel of less than 18 inches in length, or any other weapon except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person * * *.

"(5) Any other weapon.—The term 'any other weapon' means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, but such term shall not include pistols or revolvers or weapons designed, made or intended to be fired from the shoulder and not capable of being fired with fixed ammunition." Title 26 U.S.C. § 5848.

The Government claimed that the tear gas gun was covered under the category of "any other weapon." It was undisputed that it could be concealed on the person. If the weapon could discharge a shot through the energy of an explosive, then it was covered by the statute. In other words, a tear gas gun capable only of discharging tear gas would not be considered as a firearm. It was a firearm only if it could discharge a shot through the energy of an explosive.

Thurmond W. Darr, Chief of the Firearm Section, Internal Revenue Service testified that he and Marion E. Williams, Federal Bureau of Investigation's ballistics expert test fired the weapon in Washington, D. C. on September 28, 1960. They used as ammunition a .410 gauge shotgun shell which was commercial ammunition purchased on the open market. Darr gave the results of the test which were that the gun fired the shot and that the firing did not rupture the barrel of the gun or cause any structural damage thereto. In his opinion, the tear gas gun was a firearm within the meaning of the statute.

There was no evidence to contradict Mr. Darr's testimony.

Appellants urge that they did not know that the weapon was a firearm within the meaning of the statute and that it could not be ascertained from visual examination without test firing the gun. They insist that the element of criminal intent is lacking.

With respect to Cox, the testimony of Michael S. Murphy tended to prove that he had such knowledge. Murphy related a conversation with Cox in 1957 in which Cox told him that he had on one occasion fired a .410 shotgun shell in the weapon and that the recoil almost tore his hand off.

 The statute makes the mere possession of an unregistered firearm transferred in violation of law an offense. If an accused possesses such firearm, the offense is complete. It is not necessary for the Government to prove that the defendant knew that the weapon in his possession was a firearm within the meaning of the statute. Scienter is not involved. United States v. Wost, D.C. Ohio, 1957, 148 F.Supp. 202.

There was substantial evidence to show that Decker also had possession of the weapon at one time.

Appellants urge that an accused cannot be guilty of a conspiracy to possess a firearm which he admits he owns and possesses and that it is not possible to conspire to violate the firearms statute.

 The sentences in the present case were concurrent. Since the substantive offense of possession was established free from error, it is not necessary for us to consider the claims of error relating to the conspiracy count.

Appellants further claim that there was an unlawful search by state policemen of an automobile in which the appellants had been riding as a result of which the tear gas gun was found under the front seat. A motion to suppress the evidence was heard and denied by the District Judge. He adopted findings of fact and conclusions of law. The testimony at the hearing was not transcribed. We can only consider the findings of fact and conclusions of law as the evidence is not before us. The District Judge found that the search was incident to a lawful arrest and that there was probable cause for the search. He concluded that the search was lawful and denied the motion to suppress citing Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

The facts as found by the District Judge cannot be questioned here. His conclusions of law were correct and are supported by the authorities which he cited.

Finally, it is claimed that Title 26 U.S.C. § 5851 is unconstitutional in violation of the Fifth Amendment. It is asserted that the provision "whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury" is too indefinite.

The National Firearms Act has been upheld by the Supreme Court as a valid exercise by Congress of its taxing power. Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772. In our judgment, the statute is sufficiently definite. The fact that it contains a provision permitting the defendant to explain his possession to the jury does not invalidate the statute. Cf. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; Caudillo v. United States, 9 Cir., 253 F. 2d 513. We think that an accused would have a right to explain his possession even without such a statutory provision.

Other errors are claimed which we deem are without merit.

The judgment is affirmed.