**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John T. FOGARTY and Percy Ewell Wainwright, Defendants-Appellants.**

**Nos. 15933–4.**

United States Court of Appeals
Sixth Circuit.

Decided April 14, 1965.

---

6. Hunter v. Lanius, 1892, 82 Tex. 677, 18 S.W. 201.

Marvin Kraus (court appointed), Cincinnati, Ohio, for appellant, Fogarty.

Paul H. Tobias, Cincinnati, Ohio, for appellant, Wainwright.

G. Wilson Horde, Knoxville, Tenn. (J. H. Reddy, U. S. Atty., G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., on the brief) for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

This appeal presents the question of whether a sawed-off rifle, hereinafter described, which was used by defendants to rob coin boxes in pay telephones, is a firearm [1] required to be registered under the National Firearms Act, 26 U.S.C. § 5841. Defendants-appellants contend that the gun is nothing more than a burglary tool and does not come within the statutory definition of a firearm. The district court held to the contrary.

Defendants were charged in a one count indictment with unlawfully possessing a firearm, in violation of 26 U.S.C. § 5851, said firearm not having been registered with the Secretary of the Treasury as required by 26 U.S.C. § 5841. Pleas of not guilty were entered. The case was tried before the district judge, sitting without a jury, defendants having waived trial by jury. The court found both defendants guilty as charged and sentenced Fogarty to a term of three years and Wainwright to a five year term. At the time of trial both defendants were serving sentences in the Tennessee state prison for burglary of telephone coin boxes by use of the gun herein involved.

---

1. The term "firearm" is defined by 26 U.S.C. § 5848 as follows:

"For purposes of this chapter—

"(1) Firearm.—The term 'firearm' means a shotgun having a barrel or barrels of less than 18 inches in length, or a rifle having a barrel or barrels of less than 16 inches in length, or any weapon made from a rifle or shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, and includes a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition." 26 U.S.C. § 5848 (Supp.1964).

26 U.S.C. § 5848, further provides:

"(5) Any other weapon—

"The term 'any other weapon' means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, but such term shall not include pistols or revolvers or weapons designed, made or intended to be fired from the shoulder and not capable of being fired with fixed ammunition."

The case was tried solely upon the issue of whether the gun in question falls within the statute.[2]

The district judge, Honorable Robert L. Taylor, made the following findings of fact relevant to the gun:

"The testimony shows that the weapon involved in this case was an English rifle and the defendant, or one of them, Wainwright, sawed it off so as to make the barrel around 14 inches. The testimony further shows that from this barrel a shot may be discharged by an explosive and that the gun may be concealed on the person if the person wears a coat or overcoat while carrying it.

"The proof further shows that it has a muffler or silencer to cut down the noise of the projectile which is used in the shot. The proof further shows, * * * that the device in question was not designed to be fired from the shoulder. * * *"

After quoting from § 5848(5) (see note 1), the court expressed the following conclusion:

"In the opinion of the Court this provision is broad enough to cover the gun which is the subject of this indictment and which is made a part of the record in this case."

Section 2733 of the Internal Revenue Code of 1939, which is the predecessor of the present Section 5848, contained no definition of "rifle," "shotgun" or "any other weapon." Definitions of these terms were added in the Internal Revenue Code of 1954 because restrictions were being imposed on antique gun collectors and it was "felt that these restrictions should be removed in pursuance of the clearly indicated congressional intent to cover under the National Firearms Act only such modern and lethal weapons, except pistols and revolvers, as could be used readily and efficiently by criminals or gangsters." U.S.Code Congressional and Administrative News, p. 4542 (1954).

Congress redefined "firearm" in 1960, Pub.L. 86–478, 74 Stat. 149. The legislative history pertinent thereto discloses the following statement of purpose:

"The primary purpose of that act was to make it more difficult for the gangster element to obtain certain types of weapons. The type of weapon with which these provisions are concerned are the types it was thought would be used primarily by the gangster-type element." U.S. Code Congressional and Administrative News, p. 2112 (1960).

"It is understood that firearms in the 'any other weapon' category included gadget-type and unique weapons, which are often sought after by gun collectors. Moreover, it appears doubtful that criminal elements use these types of weapons to any significant extent in their criminal activities, particularly since the alternatives of a pistol or a revolver, * * are available." U.S.Code Congressional and Administrative News, p. 2113 (1960).

The legislative history demonstrates that these clarifications were directed toward a particular group, i. e. gun collectors. No attempt has been made to exclude any "tool" or "gadget" if the "tool" or "gadget" meets the statutory requirements, particularly the ability to propel a projectile by the explosion of energy.

In United States v. Decker, 292 F.2d 89, (C.A.6), cert. denied, 368 U.S. 834, 82 S.Ct. 58, 7 L.Ed.2d 36, this court said: "If the weapon could discharge a shot through the energy of an explosive, then it was covered by the statute. * * * It was a firearm only if it could discharge a shot through the energy of an explosive." 292 F.2d at 90. In United States

---

**2.** The following stipulation was entered into by the parties:

"It is stipulated that the defendants, John T. Fogarty and Percy Ewell Wainwright were legally found to be in possession of the unregistered gun described in the indictment. * * *"

v. Thompson, 202 F.Supp. 503 (N.D. Calif.) the court stated:

"It is important to note that a determination of what is and what is not a 'firearm' depends in great part upon whether the particular object in question will or will not propel a shot through explosive energy." 202 F. Supp. at 506.

The testimony is uncontradicted that the gun in this case has fired a projectile through explosive energy. A government witness testified that when the gun was test fired, a projectile traveled fifty yards and went into a dirt bank.

The court in Sipes v. United States, 321 F.2d 174, 178 (C.A.8), cert. denied, 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150, in considering the statutory definition of a "rifle" as applied to a particular gun, observed that although "it had no sights or that it could be fired elsewhere than from the shoulder makes it no less a rifle within the statutory definition." 321 F.2d at 178.

Appellant further contends that the gun is not a "weapon" as used in the definition of "firearm" because it is not an instrument of offensive or defensive combat. It is argued that the sole purpose of the gun was to break into the coin box in telephone booths; that the cylindrical mechanism of the end of the gun was made to fit into the key slot of a pay telephone; that the rubber lining inside the cylinder was designed to slow down the velocity and power of the bullet, so that it would not bounce back and hit the user and also in order that it would not go completely through the coin box; and that it was not possible to use the gun for any purpose other than breaking into pay telephones by shooting into the coin box. It is to be noted that an automobile, a rolled-up kit of tools, a pin and lye have all been classified as a "weapon." See Tatum v. United States, 71 App.D.C. 398, 110 F.2d 555. We do not doubt that defendants could have used this gun as an instrument of offensive or defensive combat. A weapon which can be held in the hands and will fire a projectile a distance of at least fifty yards quite obviously could be used to kill, maim or injure a human being.

The determination of the character of the instrument is usually one for the jury. See Fall v. Esso Std. Oil Co., 297 F.2d 411 (C.A.5), cert. denied, 371 U.S. 814; United States v. Coots, 196 F.Supp. 775 (E.D.Tenn.). The determination by the district judge that the gun in question came within the statutory definition was a finding of fact. We hold under the facts and circumstances of this case that the findings of the district court are not erroneous. It should be added that the gun here involved was introduced in evidence and was before this court for examination. "The weapon itself * * * revealed its true nature." Sipes v. United States, supra, 321 F.2d at 178. See also United States v. Freeman, 203 F.2d 387, 389 (C.A.7).

We agree with the district court that the gun was a firearm required to be registered under the National Firearms Act. The mere possession of such a firearm is a violation of the statute. It is not necessary for the government to prove that defendants knew that the weapon was a firearm which was required to be registered. Scienter is not an element of the offense. United States v. Decker, supra, 292 F.2d at 90.

Appellants place strong emphasis upon the fact that they already have served a sentence in the Tennessee state penitentiary for burglary growing out of the use of this gun in robbing telephone coin boxes. We have no jurisdiction to review the severity of the sentences imposed by the district court. If appellants contend that their sentences are too severe in the light of their imprisonment in the Tennessee penitentiary for companion offenses, they have a remedy under Rule 35 of the Federal Rules of Criminal Procedure to move the district court for a reduction of sentence. United States v. McGuire, 328 F.2d 303 (C.A.6).

We express appreciation to Mr. Paul A. Tobias and Mr. Marvin Kraus of the Cincinnati bar for their able services as court-appointed attorneys for appellants.

Affirmed.