**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Wade GULLEY, Jr. and William Harold Morris, Defendants-Appellants.**

**Nos. 17019, 17028.**

United States Court of Appeals
Sixth Circuit.

March 8, 1967.

Boyce F. Martin, Jr., Louisville, Ky., for appellant Gulley.

Daniel T. Taylor, III, Louisville, Ky., for appellant Morris.

William B. Martin, Louisville, Ky., for appellee, Ernest W. Rivers, U. S. Atty., William Bryan Martin, Asst. U. S. Atty., Louisville, Ky., on brief.

Before O'SULLIVAN and CELE-BREZZE, Circuit Judges and WEIN-MAN,* District Judge.

WEINMAN, District Judge.

Appellants Charles Wade Gulley, Jr., and William Harold Morris [1] were charged in a one count indictment with purchasing, selling, dispensing and distributing, not in the original stamped package and not from the original stamped package, a specified quantity of narcotic drugs in violation of 26 U.S.C. § 4704(a).[2] Defendants each entered a plea of not guilty, were tried by a jury and convicted. Their appeals were filed separately but were subsequently consolidated.

Quite briefly stated, the evidence at the trial established that on April 27, 1965, around midnight, two Jefferson City policemen began following a Cadillac automobile which had been pointed out to them as having been involved in a break-in, after which a high-speed chase ensued. Subsequently, when the Cadillac slowed to stop, certain objects were thrown from the right, front window. These objects were found to be two sacks, one containing money and the other containing 12 bottles, which at the time of trial became Government's Exhibits 1 through 12. Inside the car defendant Morris was in the driver's seat and defendant Gulley was in the front passenger seat. In the floor board on the right-front of the car another bottle was found, that bottle became Government's Exhibit 13 at the time of trial. One of the policemen testified that he could not see which of the two occupants of the car threw the sacks from the window whereas the other officer was certain that he saw one bundle thrown by defendant Gulley. All 13 bottles, marked Government's Exhibits 1 through 13, were admitted into evidence over the objections of counsel for defendants. The evidence with respect to these 13 bottles established that two bottles had not been analyzed by plaintiff's expert witness, a chemist for the Alcohol and Tobacco Tax Laboratory, that two bottles contained narcotics and valid tax-paid stamps and that certain bottles contained narcotics and material which were non-narcotic. There was direct and cross-examination with respect to each of the 13 bottles and also an explanation by a Government witness as to the manufacture, stamping and distribution of narcotic drugs.

Defendant Gulley did not take the stand; defendant Morris did.

The assignments of error which this Court has before it are as follows:

1. Both defendants contend that the Trial Judge erred in failing to sustain their motions to strike from the evidence the two bottles which bore the proper stamps, the two bottles which were not examined and all non-narcotic material in various bottles because the sight of these bottles was inflammatory and prejudicial to defendants' rights to a fair trial;

2. Defendant Morris contends that the Trial Judge erred in failing to instruct the jury that "presumption of purchase" does not arise against a defendant who has denied possession and

3. Defendant Gulley contends that the instruction given by the Trial Judge

---

* Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. The appellants in this Court will be designated as they were in the District Court, as defendants.

2. 26 U.S.C. § 4704(a) provides as follows: "(a) General requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

with respect to the presumption under 26 U.S.C. § 4704(a) was, in effect, a commentary on his failure to take the stand and testify in his own behalf.

*With respect to the assignment of error regarding the motion of both defendants to strike certain bottles and various non-narcotic material.*

■ Defendants argue that the Trial Judge's refusal to strike from the evidence the two bottles which bore proper stamps, the two bottles which had not been examined by the expert and non-narcotic material found in various bottles was inflammatory and prejudicial to their rights to a fair trial. Even if we assume, arguendo, that the foregoing items were irrelevant and immaterial and should have been eliminated from the sight of the jury, we could not find that any prejudicial error resulted. Since this was a prosecution for violation of a narcotics law, the introduction of several additional bottles of narcotics and certain non-narcotic material, even if immaterial and irrelevant, cannot be said to have had the tendency to inflame and prejudice the jury. Compare this to a case such as Giordano v. United States, 185 F.2d 524 (6 Cir. 1950) wherein the prosecution was for transporting stolen fur in interstate commerce and the introduction of inadmissible evidence, a gun and a box of cartridges, was held to be reversible error.

■ Further, and probably the most important point to note with respect to this assignment of error, each of the thirteen exhibits was the subject of direct and cross-examination so that there can be no question but that the jury knew the true nature of the contents of the thirteen bottles. Under these circumstances we find that, even under the assumption of irrelevancy and immateriality, any error would have been harmless error under Rule 52(a), Federal Rules of Criminal Procedure; not prejudicial error.

The foregoing is not to imply that we find as a fact that the Trial Judge's refusal to strike the subject evidence and remove it from the sight of the jury was error. Under the testimony it may be argued that the entire contents of the two sacks thrown out of the automobile were part of the res gestae and their admission was therefore proper because the facts with respect to the evidence sought to be stricken were so interwoven with the facts respecting the admissible narcotics as to be inseparable. Crapo v. United States, 100 F.2d 996, 1001 (10 Cir. 1939). See also, United States v. Volkell, 251 F.2d 333, 336 (2 Cir. 1958); United States v. Freeman, 203 F.2d 387, 389 (7 Cir. 1953); United States v. Penn, 115 F.2d 672, 674 (7 Cir. 1940). However, we need not decide whether there was harmless error or whether there was no error because under either approach a reversal would not be required.

*With respect to the argument of defendant Morris regarding the instructions to the jury.*

The Trial Judge charged the jury, pursuant to § 4704(a) that

" * * * the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

The Judge further instructed the jury that

" * * * possession may be either actual or constructive, and it need not be exclusive, but may be joint and may be proven by circumstantial evidence." [The Judge then defined "actual" and "constructive."]

Defendant Morris contends that the Trial Judge erred in failing to instruct the jury, as per his request, that presumption of purchase does not arise against a defendant who has denied possession. He further contends that possession, to be incriminating, must be "personal and exclusive" and cannot be, as the Trial Judge instructed the jury, "joint."

If we were to accept defendant Morris' argument that the presumption of pur-

chase does not arise against a defendant who has denied possession, then the mere fact that a defendant denies possession would be sufficient to destroy the statutory presumption and the purpose of the presumption would, in effect, be frustrated. Defendant cites, in support of his argument, Hood v. United States, 14 F.2d 925 (8 Cir. 1926). In that case, the Court said at page 926:

" * * * [s]ome effort is made by the government in its brief to sustain the conviction on this count, not by reason of any evidence, but by virtue of a claimed presumption of purchase arising from the fact that the jury found the defendant guilty on the third or the sale count. It must be borne in mind that this is not a case of admitted possession of the drug, from which inferences and presumptions under the statute might be drawn. Possession was denied. To say that, because a jury found plaintiff in error guilty of a sale and also of possession, a presumption of purchase arises sufficient in itself to warrant conviction, and relates back to the time the court passed on the motion, is in our judgment carrying the doctrine of presumption entirely too far. * * * "

Whatever force and effect the foregoing statement may have had, its rationale was rejected in Casey v. United States, 276 U.S. 413, at page 418, 48 S.Ct. 373 at page 374, 72 L.Ed. 632 (1928) wherein the Supreme Court stated:

"With regard to the presumption of the purchase of a thing manifestly not produced by the possessor, there is a 'rational connection between the fact proved and the ultimate fact presumed'. * * * Furthermore there are presumptions that are not evidence in a proper sense but simply regulations of the burden of proof. * * * The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. * * * It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the Government. * * * "

■ We believe that it is clear, at least since the Supreme Court's decision in Casey v. United States, supra, that a defendant's denial of possession does not, in and of itself, destroy the statutory presumption of guilt.

This Court in Landsborough v. United States, 168 F.2d 486 (6 Cir. 1948) considered a case wherein a defendant was convicted of purchasing a derivative of opium, the same not being in the original stamped package, in violation of 26 U.S. C. § 2553. [§ 4704(a), 26 U.S.C. was derived from § 2553, 26 U.S.C.]. The defendant had testified in his own behalf and had stated that he had possession but did not know the contents of the bottle. This Court, citing Casey v. United States, supra, stated at page 488:

"The statute under which appellant was indicted, provided that, ' * * * the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found * * * '. This placed upon appellant the burden of explaining and justifying his possession of the morphine sulphate. * * * "

The Court continued, and this language is dispositive of defendant's argument in the instant appeal:

"Appellant's evidence did not convincingly destroy the statutory presumption of his guilt. The jury was the sole judge of the credibility of the witnesses and *they did not believe* either *appellant* or Mrs. Landsborough * * * ." [Emphasis added]. See Bradford v. United States, 271 F.2d 58, 63 (9 Cir. 1959); Graham v. United States, 257 F.2d 724, 729 (6 Cir. 1958); Bateman v. United States, 225 F.2d 91 (6 Cir. 1955).

■ It is obvious from the verdict of the jury in the instant case that they

failed to accept defendant's explanation and justification for possession of narcotics lacking the appropriate taxpaid stamps just as the jury did in the Landsborough case. Similarly, see Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817, 818 (1947) and Acuna v. United States, 74 F.2d 359, 360 (5 Cir. 1934). And under the evidence, this is clearly not a case wherein this Court could find as a matter of law that defendant's explanation and supporting proof so overcame the statutory presumption that a reversal would be required. Ezzard v. United States, 7 F.2d 808, 812 (8 Cir. 1925).

■ As for defendant Morris' argument that possession cannot be joint, it is so well settled that possession can be joint that no citation of authority is required.

*With respect to the argument of defendant Gulley regarding the instructions to the jury.*

■ Defendant Gulley argues that the instructions of the Trial Judge with respect to the presumption under § 4704 (a) was in effect a commentary on his failure to take the stand and testify in his own behalf. In this respect, after stating the content of § 4704(a), the Court instructed the jury:

"It is necessary, therefore, in a case of this kind for the Government to prove only that the narcotics are not in the original stamped packages and that they are in the possession of the defendant or defendants, and then if those two facts are established to your satisfaction beyond a reasonable doubt, then the defendant is guilty unless he or they explain his or their possession of these narcotics to your satisfaction. Again, in other words, the mere possession by these defendants of narcotics in unstamped packages places

upon them the burden of explaining that fact to you to your satisfaction. Otherwise, they are guilty as charged in the indictment."

We find that the foregoing instruction contained no illusion or inuendo regarding defendant Gulley's decision not to take the stand. United States v. Gainey, 380 U.S. 63, 70–71, 85 S.Ct. 754, 13 L. Ed.2d 658 (1965) and United States v. Armone, 363 F.2d 385, 392–393 (2 Cir. 1966). In no way did it amount to an improper commentary by the Judge.

■ And finally, defendant Gulley argues that the Trial Judge should have instructed the jury that the failure of defendant to take the stand was not to be considered in any way by them as bearing upon his guilt or innocence. The record contains neither objection by defendant to the charge as given nor request for any additional instruction. The Trial Judge properly instructed the jury as to the presumption of innocence and the burden of proof resting upon the Government to establish defendant's guilt. The failure to instruct the jury to make no inference against the accused because he did not testify is not error when the instruction is not requested, at least when adequate instructions are given on presumption of innocence and reasonable doubt. United States v. Reiburn, 127 F.2d 525 (2 Cir. 1942). See also Pereira v. United States, 202 F.2d 830, 835–836 (5 Cir. 1953), affirmed 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Bradford v. United States, 129 F.2d 274, 278 (5 Cir. 1942), petition for rehearing denied, 130 F.2d 630 (5 Cir. 1942).

In summation, we find that each of the assignments of error by defendant Gulley and each of the assignments of error by defendant Morris is without merit.

Accordingly, the judgments of the District Court are affirmed.