Lum PATTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 19, 1971.

Earl Cornett, Hindman, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Lum Patton appeals from a judgment sentencing him to 30 days in jail and im-

posing a fine of $100 pursuant to a jury verdict finding him guilty of selling alcoholic beverages in dry territory. KRS 242.230(1), 242.990(1). His contention is that the trial court erred to his prejudice in allowing the introduction of 12 cans of beer and a half pint of whiskey as a part of the Commonwealth's evidence.

Two officers of the Alcoholic Beverage Control Board testified that on the evening of July 15, 1970, at an old abandoned school house in Magoffin County they purchased 9 cans of Pabst Blue Ribbon beer, 3 cans of Drewry's beer or ale, and a half pint of whiskey from Patton for a total price of $6.50. Patton's defense was an alibi. One of the officers, Delbert Ison, testified that he had kept these beverages in his possession since that time, and as a part of his testimony he introduced a box containing them. When the box was opened it was discovered that its contents were 11 cans of Pabst, one can of Drewry's, and a half pint of liquor. On cross-examination Ison explained that he had kept the box in the basement of his home and that evidently his children had removed two cans of Drewry's, so he had replaced the missing cans with two more cans of Pabst. Since he had not marked the cans bought from Patton he was unable to distinguish them from the two cans he had added to replace the missing cans of Drewry's.

In the first place, we find nothing in the transcript to suggest that counsel for Patton either objected to the admission of these exhibits or moved to exclude them, but even if he had, we are of the opinion that their reception into evidence was neither erroneous nor prejudicial. Ison testified that the bottle of whiskey (which he had marked), the can of Drewry's, and nine of the cans of Pabst were the same ones he had purchased from Patton. He explained the presence of two extra cans of Pabst and the absence of two cans of Drewry's. That he could not pick out which two cans of the Pabst were the ones

he had not received from Patton is not a vital circumstance. The jury had before it the information necessary to determine the integrity of the exhibits and to judge the truth and accuracy of Ison's testimony. Cf. United States v. Gulley, 374 F.2d 55 (CCA 6, 1967).

The judgment is affirmed.

All concur.