UNITED STATES of America

v.

Earl E. COOTS and Harold Eugene Coots.

Cr. No. 11598.

United States District Court
E. D. Tennessee, S. D.

Sept. 5, 1961.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for the United States.

Sizer Chambliss, Chattanooga, Tenn., for Earl E. Coots. Joe J. Wild, Jr., Chattanooga, Tenn., for Harold Eugene Coots.

WILSON, District Judge.

Each of the defendants in the above case has filed a motion for a judgment of acquittal, the defendant, Harold Eugene Coots', motion being in the alternative and requesting a new trial.

The two defendants in this case were jointly charged in a two-count indictment with the possession of a firearm in violation of the National Firearms Act, 26 U.S.C.A. § 5801 et seq. At the beginning of the trial of the lawsuit each of the defendants made a motion to suppress testimony upon the ground that the weapon was illegally seized. In support of this contention the defendants cited the case of Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231. At the time the only evidence placed before the Court on the motion to suppress was the search warrant itself which indicated that the search warrant, taken out by state officers, was for the purpose of searching for certain blank checks, whereas, the inventory attached to the search warrant indicated that "one marlin 22 caliber rifle with pistol grip" was seized. At this stage of the case the Court overruled the motions to suppress as it did not appear whether the weapon might not have been seized as an incident to a lawful arrest or might not have been otherwise lawfully acquired by the government. At the conclusion of the trial and before submission of the case to the jury each of the defendants renewed the motion to suppress, and in addition moved for a directed verdict of acquittal upon the ground that the weapon introduced was a pistol and therefore not a prohibited weapon within the definitions of the words "firearm" and "rifle" as contained in 26 U.S.C.A. § 5848(1) and (2). In addition the defendant, Earl Coots, moved the Court for a directed verdict upon the ground that there was no evidence from which the jury might find that the said defendant was in possession of the weapon.

All of these motions were overruled and the case submitted to the jury. The jury returned a verdict of guilty as to each defendant.

The above referred to motions have been included in the motions for judgment of acquittal and for new trial, and form the substance of these motions.

■ Considering first the insistence of the defendants that the Court was in error in not ruling that the weapon was a pistol as a matter of law, and not a prohibited weapon within the provisions of the National Firearms Act, the Court is of the opinion that this ground in each motion should be overruled. In the definitions of illegal weapons (26 U.S.C.A. § 5848) both sawed-off shot guns and sawed-off rifles are described as weapons to which the Act would apply. The dimensions for an illegal rifle are described as one having a barrel less than 16″ or an overall length of less than 26″. Pistols and revolvers are expressly exempted from the Act. It is the insistence of the defendants that there is no evidence from which the jury might conclude that the weapon was anything other than a pistol. However, the testimony of Mr. O'Donnell, the A.T.U. agent, was that in his opinion the weapon was formerly a rifle, altered to a pistol grip and having the barrel sawed off. The jury might from observation determine that the weapon had formerly been a rifle. It had a bolt action, common to rifles and unheard of in pistols. The dimension of the barrel was 13″ and the overall length of the weapon was 23″ both dimensions being within the definition of a prohibited firearm in the above-quoted section. The Court is of the opinion that this ground of the defendants' motions should therefore be overruled.

■ A further ground stated in the motion of the defendant, Earl Coots, for a judgment of acquittal is that there was no evidence of his having possessed the weapon. The evidence was that the weapon was found concealed at his home. It is the opinion of the Court that the jury could properly conclude from the evidence that the weapon was found at the home of Earl Coots and that he therefore had possession of it. The presumption of possession that would arise from the weapon's having been found in Earl Coots' home would not be overcome as a matter of law by testimony that the said defendant was in jail at the time, nor the testimony of the defendants that he was unaware of its presence in the home. His confinement in jail at the particular time the weapon was discovered would not prevent, as a matter of law, his having possession, as he did not become dispossessed of all of his property merely upon confinement in jail. Furthermore, the jury might conclude, as it appears that they did conclude, that they disbelieved the testimony of Harold Coots and Earl Coots that the latter did not know of the weapon.

It is not believed that the additional authorities cited in the brief upon the renewed motion for acquittal with regard to possession would change this result. The National Firearms Act itself provides with regard to possession that:

> Sec. 5851. "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient * * * to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

The jury did find that the said defendant had possession of the weapon as they might properly infer from its having been found in his home. Obviously the defendant did not explain such possession in a manner satisfactory to the jury.

■ The remaining ground in the defendants' motions which the Court wishes to discuss relates to the motion to suppress testimony made at the beginning of the trial and again at the conclusion of all of the testimony and renewed in the motions for judgments of acquittal and new trial. Now at the conclusion of all of the testimony it does appear, as it did not appear at the time of the initial motion to suppress made prior to the trial of the case, that the weapon was seized solely in the course of the execution of the search warrant. There is no evidence that it was seized as any incident to an arrest. It does not appear whether the weapon was found prior to or subsequent to the finding of the items described in the search warrant, although

there is evidence that a general search was continued by the officers after the evidence described in the search warrant had been located. The issue presented, therefore, is whether or not property declared by Federal law to be property the possession of which is illegal may be lawfully seized in the execution by state officers of a lawful search warrant which describes other property and does not describe the contraband property. In short, may contraband be lawfully seized in the execution of a search warrant describing other property where the contraband is discovered in the course of the lawful search under the search warrant?

The constitutional provision with regard to searches and seizures is contained in the Fourth Amendment and provides for the security of all persons from "unreasonable" searches and seizures. It might well appear that the seizure of contraband or illegal property, particularly as distinguished from property not inherently unlawful, in the course of the execution of a lawful search warrant would not be unreasonable, even though the search warrant described other property and the contraband was not described in the search warrant.

This seems to be the law in many state courts. The rule in this regard is stated at 79 C.J.S. Searches and Seizures § 17:

"Where entry on the premises is lawful, contraband open to observation may be seized. Similarly, if entry on the premises is authorized and the search is valid, the constitutional guaranty does not inhibit the seizure of property the possession of which is a crime, even though the searching officers are not aware that such property is on the premises when the search is initiated."

That the seizure of the illegal weapon in the course of the execution of a lawful search warrant describing other property might not be unreasonable would seem to be further supported by analogy to the rule relating to seizures of property as an incident to a lawful arrest. The rule in this regard is stated in the case of Harris v. United States, 331 U.S. 145, 67 S.Ct.

1098, 91 L.Ed. 1399. In that case F.B.I. agents arrested the defendant at his residence, the arrest being made upon a lawful warrant for arrest. As an incident to the arrest the agents made a thorough search of his residence and in the course of this search discovered illegal draft records. In the majority opinion it was held that the seizure was a lawful incident to a lawful search made as an incident to the arrest, even though the property seized was not related to the original purpose of the arrest.

However, it is the opinion of the Court that the case of Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, would be controlling in this instance with regard to the defendant, Earl Coots. In that case a search warrant was obtained for the seizure of intoxicating liquors and articles for their manufacture. When the prohibition agents went to the premises, an individual was arrested while actually engaged in the running of an illegal saloon in pursuance of a conspiracy. In the course of the search of the saloon premises, in addition to the liquor described in the search warrant, certain records were found and seized which implicated the defendant in the ownership and operation of the saloon. Although the Court ultimately held that the seizure was lawful as an incident to a search of the premises upon a lawful arrest, it specifically held that the seizure was not a legal incident to the search under the search warrant, stating:

"The requirement that (search) warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." 275 U.S. at page 196, 48 S.Ct. at page 76.

Although the Marron case does not appear to have always been followed by lower courts, many courts appearing to follow the principle that if the search is legal, whether by reason of a search warrant or by reason of a lawful arrest,

the seizure is legal, it nevertheless remains the controlling authority upon the facts of the principal case.

In fact, in some respects the Supreme Court has further restricted the lawfulness of seizures made in the course of a search of the premises even if an incident to a lawful arrest. In the case of Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374, the lawfulness of a search and seizure made incident to an arrest was limited to evidence either related to the arrest or to items which might evidence other law violations only when such other items were visible and accessible, as distinguished from hidden or concealed. In that case the defendant, Bartell, was placed under lawful arrest at his office on a charge of conspiracy to sell whiskey. Gowan, the other defendant, arrived and he was also placed under lawful arrest. Gowan was then forced to open a desk and a safe which were searched along with other parts of the office and a large quantity of papers belonging to the defendants were seized. The Court held that such seizure was unconstitutional, the search being general and unlimited in scope and the case being distinguished from the Marron case in that the seized property was concealed in the Go-Bart case, whereas it was visible and readily accessible in the Marron case. See also United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877.

It therefore appears that the law is clear with regard to the right of the defendant, Earl Coots, to have the evidence of the weapon suppressed. The weapon was seized in the course of a search instituted under a search warrant for certain blank checks. Upon discovery of the weapon, the only proper course open to the officers was to seek another search warrant for the weapon. Otherwise, the right of the officers to seize property was limited to the items described in the original search warrant. However, the importance of maintaining inviolate constitutional rights of the people greatly overshadows the admitted difficulties and frustrations of well meaning and diligent law enforcement officers in making arrests and obtaining convictions. The fact that dubious characters often seem the beneficiaries of these priceless rights makes them no less priceless. If only good people are entitled to rights, who is to say who are the good people and who are the dubious characters? In this regard the words of Judge Learned Hand in the case of United States v. Kirschenblatt, 16 F.2d 202, at page 203, 51 A.L.R. 416, are appropriate:

"Nor should we forget that what seems fair enough against a squalid huckster of bad liquor may take on a very different face, if used by a government determined to suppress political opposition under the guise of sedition."

The case of Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, hereinabove referred to and relied upon by the Government in support of the validity of the search, is not believed to be in point on the particular issues here presented. A brief statement of the case is made above. Although the case may be authority for the proposition that contraband may be seized as an incident to a lawful arrest, even though unrelated to the purpose of the arrest, it does not change the rule of the Marron case that even contraband may not be seized as an incident to a lawful search on a search warrant where the contraband is not described in the search warrant.

■ It is therefore the opinion of the Court that the motion for a judgment of acquittal on behalf of Earl Eugene Coots must at this time be sustained upon the ground that the seizure of the weapon was an illegal seizure and the evidence thereof should have been suppressed. As there would be no other evidence in the case upon which the jury might return a verdict of guilty as to this defendant, a judgment of acquittal rather than an order for a new trial should be entered.

There remains the issue as to whether the seizure was illegal as to the defendant, Harold Eugene Coots, and whether he has any standing to make a motion to

suppress the evidence in view of the fact that the search was not conducted upon his premises.

Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides:

"A person aggrieved at an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for [the] use as evidence anything so obtained on the ground that * * * the property seized is not that described in the warrant."

It is fundamental and well established law that only those persons whose rights have been infringed by a search and seizure may invoke the constitutional guaranty against illegal searches and seizures. Thus, one cannot complain of an illegal search of a premises which he does not own or have some possessory right in or in which he has no interest or makes no claims. 79 C.J.S. Searches and Seizures § 52. In this case the residence searched belonged unto Earl Coots. Harold Eugene Coots had no ownership therein and no rights thereto. He was neither an owner, a tenant, a guest, an invitee nor a resident of the premises. His only relationship was that of being a kinsman to Earl Coots. It therefore follows that he is in no position to complain of a search, whether legal or illegal, of the premises of Earl Coots and is not entitled to have any evidence obtained as a result of such a search suppressed. The most recent case upon this issue is that of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. The case is readily distinguished, however, as the defendant was a guest, invitee and resident in the premises where the property, in that case narcotics, was seized. The case is further distinguished by the fact that the sole basis for claiming the defendant had any possessory right in the narcotics was upon the basis of his having possession of the premises searched, whereas in this case no part of defendant, Harold Coots',

possession was based upon a possession of the premises where the weapon was found but rather upon his own statements as to his possession of the weapon.

All other grounds in the defendant's motion have been considered and are overruled. It therefore follows that the motion of the defendant, Harold Eugene Coots, for a judgment of acquittal or in the alternative or an order granting a new trial will be overruled. Orders will be entered accordingly.