PEOPLE v. IMBRUNONE.

1. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—REASONABLENESS
   —STANDARDS.
   Standard of reasonableness of search and seizure required of States under 14th Amendment to Federal Constitution is the same as that imposed on Federal government under the 4th Amendment, and State courts must be mindful of Federal decisions dealing with 4th Amendment (US Const, Ams 4, 14; Mich Const 1963, art 1, § 11).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Searches and Seizures § 6; 20 Am Jur, Evidence § 394 et seq.

[3, 4] 47 Am Jur, Searches and Seizures § 37.
Search incident to one offense as justifying seizure of instruments of or articles connected with another offense. 169 ALR 1419.

[5] 21 Am Jur 2d, Criminal Law §§ 443, 449.

2. SAME—SEARCHES PROHIBITED.

> Not every search and seizure is prohibited by 4th Amendment, but only unreasonable searches and seizures come within the constitutional interdict (US Const, Ams 4, 14; Mich Const 1963, art 1, § 11).

3. SAME—LAWFUL SEARCH—EVIDENCE OF OTHER CRIME.

> Police officers lawfully on premises in execution of valid search warrant are not required to be blind to evidence of other crimes than those for investigation of which search warrant was issued.

4. SAME—LAWFUL SEARCH—GAMBLING EQUIPMENT.

> Gambling equipment found by police in home of defendants in course of reasonable execution of valid search warrant issued to permit search of home for *stolen color television receiver* and boxes from other stolen television receivers, and seized pursuant to second search warrant issued for that purpose, *held,* properly found and seized by police (US Const, Ams 4, 14; Mich Const 1963, art 1, § 11).

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

> Testimony, taken at preliminary examination, *held,* to establish that a crime not cognizable by a justice of the peace, namely, keeping and occupying a building for gambling and possession of gambling materials, had been committed and that there was probable cause to believe defendants had committed it, where police officers in searching defendants' home for stolen color television receiver pursuant to valid search warrant found gambling materials in the home and seized such materials pursuant to second search warrant issued for the purpose (CL 1948, §§ 750.302, 750.306).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 April 6, 1966, at Grand Rapids. (Docket No. 703.)   Decided November 9, 1966.

Anthony Imbrunone, Jr., and Helen Imbrunone were prosecuted for violation of the gaming laws. Defendants moved to quash information and suppress certain evidence.   Motions denied.   Defendants appeal.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Frank N. MacLean,* for defendants.

Burns, P. J. The defendants appeal from orders denying their motions to suppress evidence and quash the information.

Officers of the Detroit police department obtained a search warrant to search defendants' premises for allegedly stolen television sets and the containers in which they were packed. Arriving at defendants' residence and finding no one home, the officers gained admittance to the home by going through the garage. In the garage they found 2 empty television cartons; the numbers on these cartons corresponded with the numbers of the stolen television sets which were listed on the search warrant.

Upon search of the home for a colored television set, they found material alleged to be gambling paraphernalia.[1] Two officers were left on the premises to guard this material while other officers sought and obtained a search warrant to authorize the seizure of the paraphernalia.

The defendants were charged with violating the State gaming laws, CL 1948, § 750.302 (Stat Ann 1954 Rev § 28.534) and CL 1948, § 750.306 (Stat Ann 1954 Rev § 28.538).

The defendants filed a motion to quash the search warrant and to suppress the evidence seized thereunder. The motion was denied.

---

[1] The seized material allegedly consisted of 2,500 runner sheets, 200 blank tally sheets, 86 adding machine tapes, and numerous other items.

. ˙ At the conclusion of the preliminary examination the defendants moved, in the circuit court, to quash the information, claiming the evidence submitted to the court did not establish probable cause that a crime had been committed and that the defendants had committed the crime charged in the information. This motion was also denied and the defendants appeal, claiming that the trial court erred in denying the motions.

The defendants claim that the evidence was obtained through an illegal search and seizure resulting in the denial of the defendants' constitutional guarantees.[2]

The 4th Amendment's proscriptions against unreasonable search and seizure are enforceable against the States through the 14th Amendment, and the "standard of reasonableness is the same under the 4th and 14th Amendments." *Ker* v. *California* (1963), 374 US 23 (83 S Ct 1623, 10 L ed 2d 726). Thus State courts must be mindful of Federal decisions dealing with the 4th Amendment.

With this in mind it is appropriate to examine the landmark case of *Harris* v. *United States* (1946), 331 US 145 (67 S Ct 1098, 91 L ed 1399). In the *Harris Case,* FBI agents with 2 warrants of arrest for forgery and fraud placed the defendant under arrest in his apartment and searched the entire apartment for 2 cancelled checks which had been stolen from an oil company. In the course of the search, draft cards which had been altered were found. The mere possession of these cards was unlawful. These were seized and the defendant convicted of unlawful possession and concealment of said draft cards. The defendant contended that the evidence had been seized in violation of his rights under the 4th Amendment.

---

˙ [2] US Const, Am 4; Mich Const 1963, art 1, § 11.

The Supreme Court pointed out that the agents had a right to search for concealed checks and other instrumentalities of the crime charged in the warrants following the arrest, and that these could easily have been concealed in any of the rooms searched by the agents. Not every search nor every kind of seizure is permitted pursuant to an arrest or a warrant, as the Court pointed out. In approving the search conducted in *Harris* v. *United States, supra,* the Court stated that it is "only unreasonable searches and seizures which come within the constitutional interdict."

In the case *United States* v. *Coots* (ED Tenn SD, 1961), 196 F Supp 775, officers seized an illegal firearm, while legally on the premises, searching for certain blank checks described in a search warrant. While the Court held the seizure of the firearm to be unlawful and suppressed it from evidence, the Court did make the following statement: "Upon discovery of the weapon, the only proper course open to the officers was to seek another search warrant for the weapon."

In the present case the officers had a valid search warrant and in performance of their duties had discovered 2 cartons listed in the search warrant. While still searching for the colored television set and lawfully on the premises they observed gambling equipment. Under such circumstances the Constitution does not require law enforcement officers to be blind. As stated in *People* v. *Woodward* (1922), 220 Mich 511, p 518:

"When these officers entered defendant's home and quelled the disturbance, the existence of which justified their entry, might they not use their eyes and observe what was to be seen?"

A review of the testimony taken at the preliminary examination does establish that a crime not cogniz-

able by a justice of the peace was committed and probable cause to believe that the defendants committed said crime.

Judgment affirmed.

FITZGERALD, J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.