**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bienvenido Mercado VASQUEZ,**
**Defendant-Appellant.**

No. 72–3308
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Raymond E. LaPorte, Tampa, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Ronald H. Watson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Vasquez appeals from his conviction under 26 U.S.C. § 5861 for possession of an unregistered firearm. We affirm.

Initially, it is contended that the trial court erred in instructing the jury that it was unnecessary for the Government to prove that Vasquez knew that the rifle was designed to shoot automatically or could be readily converted to shoot automatically. The Government, on the other hand, argues that it need prove only that the defendant knew he possessed an item which was a firearm within the general sense of meaning of the term, and not that the defendant knew that the firearm which he possessed was a firearm within the meaning of 26 U.S.C. § 5845.[1] Both the Government and the defendant rely on United States v. Freed, 401 U.S. 601, 91 S. Ct. 1112, 28 L.Ed.2d 356 (1971). In the majority opinion in *Freed,* Justice Douglas stated the following rule:

> By the lower court decisions at the time [the Act was amended] the only knowledge required to be proved was knowledge that the instrument possessed was a firearm. See Sipes v. United States, 8 Cir., 321 F.2d 174, 179, and cases cited.

401 U.S. at 607, 91 S.Ct. at 1117.

Mr. Justice Brennan's concurrence amplified this thought thus:

> The cases [decided prior to the enactment of the amended law] held that a conviction of an individual of illegal possession of unregistered firearms had to be supported by proof that his possession was "willing and conscious" and that he knew the items possessed were firearms. E. g., Sipes v. United States, 321 F.2d 174, 179 (C.A.8

---

1. § 5845. Definitions

   For the purpose of this chapter—

   (a) Firearm.—The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary or his delegate finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

1963); United States v. Decker, 292 F. 2d 89 (C.A.6 1961). Congress did not disapprove these cases, and we may therefore properly infer that Congress meant that the Government must prove knowledge with regard to the first two elements of the offense under the amended statute.

401 U.S. at 614, 91 S.Ct. at 1121.

These two explicit references to *Sipes* and its cited cases, including *Decker*, make it abundantly clear that Justices Douglas and Brennan used the term "firearm" in its general meaning, not in its technical statutory meaning. For in *Sipes*, then Circuit Judge Blackmun stated:

> He said he found it and possessed it for several days. It was in his hands when the arresting officers took it from him. He knew it was a gun. His possession therefore was a knowing possession. This is all the scienter which the statute requires. It is not necessary that, in addition to knowing possession, there also be knowledge on the defendant's part that it was made in violation of § 5821.

321 F.2d at 179.

*Decker* supports the same conclusion, as follows:

> Appellants urge that they did not know that the weapon was a firearm within the meaning of the statute and that it could not be ascertained from visual examination without test firing the gun. They insist that the element of criminal intent is lacking.
>
> \* \* \* \* \* \*
>
> The statute makes the mere possession of an unregistered firearm transferred in violation of law an offense. If an accused possesses such firearm, the offense is complete. It is not necessary for the Government to prove that the defendant knew that the weapon in his possession was a firearm within the meaning of the statute. Scienter is not involved.

Based upon this authority, we hold that the Government was not required to prove that the defendant had knowledge that the physical characteristics of the weapon rendered it subject to registration. Scienter is established if the defendant be proved to have had knowing possession of an item which he knew to be a firearm, within the general meaning of that term. *See* United States v. Gardner, 448 F.2d 617 (7th Cir. 1971).

Vasquez's next contention is that the court erred in denying his motion to suppress statements he made to Government agents. Vasquez was interviewed by an agent of the F.B.I. while in custody in a Florida county jail. After administering the advice and warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Vasquez executed a written waiver of those rights. The agent thereupon requested that Vasquez talk to him about an M–14 rifle that had been seized in connection with a recent shooting. Vasquez then told the agent he did not wish to discuss the shooting. The agent assured him that he was not interested in the shooting itself but only in the rifle. Vasquez consented to talk about the rifle and gave the agent a statement.

■ The well-established general rule is that all interrogation must cease if a suspect indicates that he wishes to remain silent. Miranda v. Arizona, *supra*. However, that rule is much broader than this case. Vasquez indicated no more than that he did not wish to discuss the shooting. While the shooting was tangentially related to Vasquez's possession of the rifle, it was not so closely and inexorably related that Vasquez's partial exercise of his *Miranda* privilege tainted his decision to inform the agent of the details of his purchase of the rifle. When a person in custody has responded to proper police interrogation by voicing a general willingness to talk, subject only to a limited desire for silence, and his wishes not to discuss a particular subject-matter area are respected, nothing rooted in law or constitutional policy makes it improper to

question him as to any unlimited subjects.[2]

■ Nor do we find that the agent violated Vasquez's right to effective counsel by interviewing him when he was alone in the jail, at a time after an attorney had been appointed for him on the state charge of attempted murder. This court has previously rejected the position urged by Vasquez that all statements obtained in the absence of counsel from a person represented by counsel are inadmissible. *See* United States v. Brown, 459 F.2d 319 (5th Cir. 1971); United States v. De Loy, 421 F.2d 900 (5th Cir. 1970); United States v. Venere, 416 F.2d 144 (5th Cir. 1969); Wilson v. United States, 398 F.2d 331 (5th Cir. 1968), cert. denied 393 U.S. 1069, 89 S.Ct. 727, 21 L.Ed.2d 712 (1969). In this case where the defendant was carefully apprised of his right to have the advice of his counsel, there is no merit in the contention that the defendant was unable to waive that right.

■ Vasquez also contends that the prosecution should have been required to establish the "chain" or "continuity of possession" in order to prove that the weapon had not been changed or altered. It is well settled, however, that such an objection goes merely to the weight of the evidence, and not to its admissibility. United States v. Mendoza, 473 F.2d 692 (5th Cir. 1972); United States v. Wilson, 451 F.2d 209, 213 (5th Cir. 1971).

■ Finally, we find without merit his allegation of error in the trial court's refusal to charge the jury that it was not unlawful to possess an unregistered rifle with a barrel 16 inches or more in length. Such an instruction could not have provided appellant with a valid defense to the charge. The mere fact that the subject M–14 would fit the broader § 5845(c) definition of a rifle

constitutes no defense, since the gun was within the statutory definition of machine gun.

The conviction appealed from is

Affirmed.

2. We certainly do not intimate approval of any practice by which a suspect's express desire to remain silent as to some specific activity is aborted by the subterfuge of questioning which is designed or intended to indirectly gain information about those matters which he has indicated he wishes not to discuss.