**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wallace E. COWPER, Jr., Defendant-Appellant.**

**No. 74–1124.**

United States Court of Appeals, Sixth Circuit.

Sept. 20, 1974.

Michael Dane, Asst. Federal Public Defender, Cleveland, Ohio, for defendant-

appellant; Edward S. Marek, Federal Public Defender, Cleveland, Ohio, on brief.

Nancy C. Schuster, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was charged with illegal possession of a firearm, in violation of 26 U.S.C. § 5861(d) (1970) and 26 U.S.C. § 5871 (1970). He was found guilty by a jury in the United States District Court for the Northern District of Ohio, Eastern Division, and was fined $1,000 and placed on three years probation.

Appellant was a Cleveland police officer who purchased an M–1 carbine from the Police Department. Over a period of a year and a half he worked on and modified the carbine by adding a selector switch and a number of other parts so that the carbine would fire both semi-automatically and automatically.

Testimony at the trial indicated that the carbine had been found in appellant's locker in a Cleveland Police District Headquarters, along with loaded clips containing 30 rounds of ammunition and a flash suppressor. The weapon as modified was not authorized for Police Department use and had not been registered as required by federal law. A federal agent testified that he fired 30 rounds from the weapon in five to seven seconds. Appellant himself testified and admitted that he knew it was illegal to possess the weapon without registering it. Appellant admitted doing the modification work on the weapon, but claimed that he had not test fired the weapon and did not know whether or not it would fire automatically.

On appeal appellant contends that the court erred in instructing the jury that the offense charged consisted of two elements, rather than three. In United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the opinion for the court said:

> "The [National Firearms] Act *requires no specific intent* or knowledge that the [firearms] were unregistered. It makes it unlawful for any person 'to receive or possess a firearm which is not registered to him.' . . . *the only knowledge required to be proved was knowledge that the instrument possessed was a firearm.*" *Id.* at 607, 91 S.Ct. at 1117. (Emphasis .added.) (Footnote omitted.)

The District Judge charged the jury in this case:

> "First, that on or about September 19th, 1972, the defendant did knowingly possess a firearm specified to be an M–2 .30 caliber carbine which firearm shoots more than one shot without manual reloading, by a single function of the trigger; and Second, that such weapon was required to be registered to the defendant in the National Firearms Registration and Transfer Record and had not been so registered."

We believe that this charge is entirely consistent with the statute as interpreted in United States v. Freed, *supra.*[1] Appellant concedes that proof of appellant's knowledge that the gun was unregistered is not required (albeit it seems clear that appellant did know that the Act required registration of automatic weapons). And, of course, the District Judge charged that the jury must find that appellant's possession was a knowing one before he could be convicted.

Appellant also contends, however, that the government was required to prove that he knew that the weapon was automatic. We do not believe that

1. See also two opinions of this court which were decided before United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); United States v. Decker, 292 F.2d 89 (6th Cir. 1961); United States v. Fogarty, 344 F.2d 475 (6th Cir. 1965).

this requirement may be found in the opinion of the court in United States v. Freed, *supra.* On this topic the Seventh Circuit has held:

"It is now clear that the Government was not required to prove that the defendant had knowledge of the registration provisions of the statute requiring registration . . . nor that the defendant knew the physical characteristics of the weapon that rendered it subject to registration . . . Scienter is not an element in this cause." United States v. Gardner, 448 F.2d 617, 619 (7th Cir. 1971).

▇▇ Additionally, we read this record as establishing that appellant, who had spent a year and a half converting it, did know that the weapon was an automatic rifle and that if there was error in the charge, it was harmless. *See* Fed. R.Crim.P. 52(a).

We do not, however, wish to rest this matter upon harmless error since the question of whether or not the District Judge's charge in this case was correct will recur. This court has recently dealt at length with the problems posed by the doctrines of *mens rea* and *scienter* as applied to a different element of the National Firearms Act. *See* United States v. Renner, 496 F.2d 922 (6th Cir. 1974). There the defendant had been indicted for possession of a firearm while under indictment for a felony. The critical issue was whether the defendant in order to be convicted must be shown to have known that he was under indictment. In a careful analysis of the *Freed* case, as well as such *mens rea* cases as Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) and Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), this court concluded:

"By reason of the special circumstances that may surround one under indictment, *i. e.,* he may not be aware of the fact that he has been indicted because of failure to serve him on a secret indictment, or where, as here,

the accused had been advised in court that the indictment was dropped, and he did not know that it had been 'filed away with leave to reinstate at the recommendation of the prosecuting witness,' in our opinion knowledge that he is still under indictment is a relevant factor." United States v. Renner, 496 F.2d 922 (6th Cir. 1974). (Footnote omitted.)

Thus the court was obviously concerned with the possibility that the failure to require knowledge as to the element of the crime here concerned might serve to convict wholly innocent citizens. The court, however, had already recognized that this requirement of proof of knowledge did not apply to possession of highly dangerous materials—there hand grenades—here an automatic rifle. The court's opinion on this subject said:

"If an item consists of highly dangerous materials, such as a hand grenade, a person reasonably knows that the item cannot be lawfully purchased or received without complying with strict governmental procedures designed to secure close supervision of such dangerous item. Thus, adulterated and misbranded drugs (*Dotterweich, supra*), [United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943)] narcotics (United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922)), and hand grenades (*Freed, supra*) [United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971)] have been designated as such items, and a violation of regulatory measures dealing with said items may occur without the violator having *mens rea* as to every element of the crimes delineated in said regulatory measures." *Id.* at 925.

We believe (a) that United States v. Renner applied specifically only to the requirement of knowledge applicable to 18 U.S.C. § 922(h)(1) (1970); (b) that United States v. Freed (the opinion of the court [2]) does not impose the require-

---

2. We note, of course, appellant's contention is based on the concurring opinion of Mr. Justice Brennan. The majority opinion, however, which had eight votes, is controlling.

ment that a defendant charged with knowing possession of a firearm also be proved to know that the firearm is an automatic rifle where the facts establish that it is such; and, that the dicta in United States v. Renner clearly recognizes the distinction between (a) and (b) above.

The judgment of the District Court is affirmed.