**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Xavier HALE, a/k/a Ken Smith,
Defendant-Appellant.**

No. 77–5156
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1977.

Bryan C. Hugo (Court-Appointed), Altamonte Springs, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William F. Duane, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GOLDBERG, RONEY and FAY, Circuit Judges.

PER CURIAM:

The defendant, Charles Xavier Hale, appeals a federal conviction for bank robbery. At issue is whether the defendant voluntarily and knowingly waived his right to counsel on the federal charge before making incriminating statements to an FBI agent. We agree with the District Court's finding that the defendant voluntarily and knowingly waived his Sixth Amendment rights, and therefore affirm the conviction.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

The District Court based its conclusions on the following facts which are supported in the record and are not clearly erroneous. *United States v. Kelly*, 556 F.2d 257, 260 (5th Cir. 1977). Hale was arrested on October 5, 1976 on state felony charges in Wisconsin and Don Whinnery was appointed by the state court to represent him. On November 16, 1976 FBI agent John Schulte went to the county jail to question the defendant about a Florida bank robbery. Complete *Miranda* warnings were read to the defendant. When appellant stated that he did not wish to discuss the federal charges, Agent Schulte terminated the interview. That evening Agent Schulte contacted Attorney Whinnery and informed him that the defendant was wanted on federal bank robbery charges, and that there were state charges outstanding in Alabama.

Mr. Whinnery then met with the defendant and told him that he did not feel competent to represent Hale on the federal charges because he lacked federal court experience. Whinnery discussed the various alternatives on the federal charges with the defendant, but warned him that he did not feel competent in this area. The defendant understood this and told Whinnery that he would rather serve time in a federal prison than in an Alabama prison. The defendant also understood that Whinnery did not represent him on the federal charges. During a conversation a few days later, the defendant told Whinnery that he wanted to talk to the FBI concerning the federal charges. Whinnery never told the defendant to make a statement but stated to the defendant that he would accompany him during the interrogation. The defendant replied that that would not be necessary.

The next morning Whinnery called Agent Schulte and informed him that the defendant wished to speak to him and that Agent Schulte should go over to the jail even though Whinnery would not be present during the interview. Agent Schulte went to the jail, identified himself, and furnished the defendant with a Rights Form which the defendant signed after acknowledging that he fully understood his rights. The defendant then gave Agent Schulte a detailed statement concerning the Florida bank robbery.

The District Court found that the defendant was fully advised of his *Miranda* rights, including his right to remain silent and to have an attorney appointed on the federal charge. The District Court further found that the defendant understood his right to have "federally court appointed counsel" present during interrogation when he signed the waiver form. Our perusal of the record satisfies us that these findings are not clearly erroneous.

In *United States v. DeLoy*, 421 F.2d 900 (5th Cir. 1970) we held that there must be some circumstances more than the bare absence of counsel before a defendant's statement is rendered inadmissible. In upholding the defendant's conviction, we relied on the fact that the government had not engaged in clandestine activity, surreptitiousness, or other misconduct, that the defendant initiated the contact with the federal agents which led to the incriminatory statement, that a knowing and voluntary waiver of the right to counsel after full *Miranda* warnings was made, and that the government agents had encouraged the defendant to contact his lawyer. In *United States v. Vasquez*, 476 F.2d 730 (5th Cir. 1973) we found a waiver of the right to counsel when the defendant, in custody on state charges, voluntarily agreed to talk to an FBI agent. At the time Vasquez was represented by an attorney who had been appointed on the state charge. We affirmed the federal conviction stating that "where the defendant was carefully apprised of his right to have the advice of his counsel, there is no merit in the contention that the defendant was unable to waive that right." *United States v. Vasquez, supra* at 733.

These cases control the instant case. The defendant knew that Whinnery's representation was limited to the Wisconsin charges and understood his rights to a federally appointed attorney and to have that attorney present during questioning. The defendant, through attorney Whinnery, voluntarily initiated the interview after full

opportunity to discuss his rights and options with Whinnery. Then before being questioned by Agent Schulte, he was again fully informed of his right to a federally appointed counsel by Agent Schulte and fully understood that right. The defendant voluntarily signed the waiver form. Under these circumstances we agree with the District Court that the defendant voluntarily and knowingly waived his right to counsel. We intimate no views concerning a situation in which a state appointed counsel tells a defendant that because he knows nothing about federal law the defendant should confess and the defendant fails to understand that he has a right to a different attorney for the federal charges.

The incriminating statements are admissible and the defendant's conviction is therefore

AFFIRMED.