**UNITED STATES of America,**
**Appellant,**

v.

**Sharon WOODRUFF, Appellee.**

**No. 79–1204.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1979.

Decided June 15, 1979.

David Rosen, Asst. U.S. Atty., St. Louis, Mo. (argued), and Robert D. Kingsland, U.S. Atty., St. Louis, Mo., on brief, for appellant.

Leonard Martin, of Shaw, Howlett & Schwartz, Clayton, Mo., argued, for appellee; Charles M. Shaw, Clayton, Mo., on brief.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN,* District Judge.

PER CURIAM.

The United States appeals from an order of the District Court which granted Sharon Woodruff's motion for a judgment of acquittal after a jury had found her guilty of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d). We reverse and remand.

Woodruff was indicted, along with Barry Awalt, for possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) and for manufacture of the same in violation of 26 U.S.C. § 5861(f). Wood-

* HARRY H. MacLAUGHLIN, United States District Judge, for the District of Minnesota, sitting by designation.

ruff and Awalt were tried separately.[1] After all evidence was presented at Woodruff's trial, she moved for a judgment of acquittal. The District Court reserved its ruling on this motion and the case was submitted to the jury. Woodruff was acquitted of the manufacturing charge but found guilty of the possession charge. The District Court then granted Woodruff's motion for acquittal. The government appeals.

■ Woodruff contends that the government's appeal in this case is not authorized by 18 U.S.C. § 3731. It is now established that where the trial court grants a judgment of acquittal after a guilty verdict has been returned, appeal by the government is authorized by § 3731, and such an appeal does not offend the Double Jeopardy Clause. *United States v. Jenkins*, 420 U.S. 358, 364–365, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975); *United States v. Wilson*, 420 U.S. 332, 352–353, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Donahue*, 539 F.2d 1131, 1133–1134 (8th Cir. 1976).

The District Court granted Woodruff's motion for a judgment of acquittal because it felt that "[t]he evidence simply fail[ed] to establish that [she] possessed the firearm in its altered state with the requisite degree of knowledge." It cited evidence that the purchase of the shotgun was suggested by Awalt, who was acting at that time as her bodyguard at the suggestion of her attorney. Awalt had represented to Woodruff that he was a police officer, and there is evidence that she relied on his representations that alteration of the gun was legal.

■ While the absence of any intent to violate the statute strongly suggests the propriety of a light, or perhaps of a probationary, sentence, it does not provide an adequate basis for granting her motion for acquittal. Conviction under 26 U.S.C. § 5861(d) requires only that the defendant

1. Awalt was convicted on both charges, and his conviction was upheld by this Court. *United States v. Awalt*, 603 F.2d 221, (8th Cir., 1979).

knowingly[2] possessed an unregistered firearm, which was subject to federal registration requirements. *United States v. Pietras,* 501 F.2d 182, 185–186 (8th Cir.), *cert. denied,* 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974). The requirements of the statute are met if the defendant possessed the weapon with knowledge that it was a firearm within the general meaning of that term. *Morgan v. United States,* 564 F.2d 803, 805 (8th Cir. 1977); *Milentz v. United States,* 446 F.2d 111 (8th Cir. 1971); *Sipes v. United States,* 321 F.2d 174, 179 (8th Cir.), *cert. denied,* 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963). There is no need to prove that the defendant was aware of the registration requirements, *United States v. Thomas,* 531 F.2d 419 (9th Cir.), *cert. denied,* 425 U.S. 996, 96 S.Ct. 2210, 48 L.Ed.2d 821 (1976); *United States v. Sanders,* 462 F.2d 122, 124 (6th Cir. 1972); *United States v. Gardner,* 448 F.2d 617, 619 (7th Cir. 1971), that the particular weapon in question was not registered, *United States v. Pietras, supra* at 186; *United States v. Sanders, supra,* or that the defendant was aware of the particular characteristics of the weapon which made it subject to registration. *Morgan v. United States, supra* at 806; *United States v. Thomas, supra; United States v. DeBartolo,* 482 F.2d 312 (1st Cir. 1973). It is clear from Woodruff's testimony that she knew that the weapon was a shotgun, and there is sufficient evidence from which the jury could have found that she had actual or constructive possession of it. *See United States v. Pietras, supra* at 186. Under these circumstances, we must conclude that the District Court erroneously granted Woodruff's motion for a judgment of acquittal.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

**2.** Woodruff intentionally procured the firearm for the purpose of self-defense. This case, therefore, does not involve a situation where possession is entirely inadvertent as when a person discovers a firearm discarded upon his or her property.