951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Nathan MANDEL, Defendant/Appellant.
 No. 90-50414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 16, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. The January 26th Seizure
 
 2
 The plain view exception to the warrant requirement "permits seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity." Illinois v. Andreas, 463 U.S. 765, 771 (1982) (citations omitted). Probable cause exists when the police have reasonably trustworthy information sufficient to lead a prudent person to believe that the accused has committed or is committing a crime. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990). Probable cause, coupled with the plain view exception, constitutes a lawful warrantless seizure. Arizona v. Hicks, 480 U.S. 321, 327 (1986).
 
 
 3
 A search conducted pursuant to a valid consent is an exception to the Fourth Amendment's warrant and probable cause requirements. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Mandel does not dispute that he voluntarily gave his consent to search the bedroom. After spotting the Mac-10, Officer McKenna seized the pistol and gave it to Officer Berndt. The officers' knowledge of and experience with Mac-10 pistols was sufficient to constitute probable cause. United States v. Cortez, 449 U.S. 411, 418 (1981).
 
 
 4
 Mandel suggests that the brass tube was unrecognizable as a silencer and therefore no probable cause existed. The district court specifically found that the silencer was in plain view on the bedroom floor and that Agent Berndt picked it up and immediately recognized it as such. (Appellant's Excerpt of Record at 75) Even the defendant's expert could not say that this silencer was unrecognizable as such by a trained police officer. Since the warrantless search was constitutional, there is no need to consider other grounds for upholding it.
 
 II. The November 1989 Search Warrant
 
 5
 The warrant contained several technical violations of Rule 41, but these violations do not mandate reversal. As the district court observed, Mandel failed to show prejudice or deliberate disregard for Rule 41. (Appellant's Excerpt of Record at 82) We have repeatedly affirmed the validity of search warrants in technical violation of Rule 41. See United States v. Freitas, 856 F.2d 1425, 1433 (9th Cir.1988); United States v. Ritter, 752 F.2d 435, 441 (9th Cir.1985); Vasser, 648 F.2d at 511.
 
 
 6
 Federal law does not permit warrants to be extended beyond ten days. See Fed.R.Crim.P. 41(c); Sgro v. United States, 287 U.S. 206, 210 (1932). Although Agent Takeshta used the word "extension" in her application for a second warrant, the state judge issued a separate warrant. (Appellant's Excerpt of Record at 61) The second warrant was supported by two officers' affidavits. The district court correctly held that the November 1989 warrant was valid.
 
 III. The Proposed Jury Instruction
 
 7
 Entrapment by estoppel "applies when an official tells the defendant that certain conduct is legal and the defendant believes the official." United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 825 (9th Cir.1985), cert. denied, 471 U.S. 1139 (1985).
 
 
 8
 Mandel's proposed jury instruction for "entrapment by estoppel" misconstrued both the law and facts. It was properly rejected.
 
 
 9
 The government is not required to prove specific intent in order to convict for possession of an unregistered firearm. United States v. Herbert, 698 F.2d 981, 986 (9th Cir.), cert. denied, 464 U.S. 821 (1983); United States v. Thomas, 531 F.2d 419, 421 (9th Cir.), cert. denied, 425 U.S. 996 (1976). Nor is it required to prove that Mandel knew possession was against the law, or that the weapons must be registered. United States v. Freed, 401 U.S. 601, 607 (1971). The government's burden is carried if it proves that the defendant knew he was "dealing with a dangerous device of such type as would alert one to the likelihood of regulation." Thomas, 531 F.2d at 421 (citations omitted). The district court gave jury instructions that required the government to prove "that the defendant knew that he possessed a firearm of such a type as would alert a person to the likelihood of regulation." (Appellee's Excerpt of Record at 3-4) Nothing more was required.
 
 
 10
 Mandel contends, however, that his reliance on Castellano's firearm license warrants giving his entrapment by estoppel instruction. He relies on our decision in United States v. Tallmadge, 829 F.2d 767 (9th Cir.1987), which applied the estoppel defense to a defendant accused of purchasing six rifles while failing to report a prior felony conviction.
 
 
 11
 Mandel's proposed jury instruction overstates Tallmadge. The defendant in Tallmadge was told implicitly by a judge, and explicitly by his attorney, that he could purchase non-concealed weapons after his prior offense had been reduced to a misdemeanor. The defendant in Tallmadge bought his rifles from a federally licensed gun dealer who had an affirmative duty to check all buyers for criminal convictions. Id. at 774. Mandel was not told by an agent of the government that his actions were legal nor was he dealing with a person who had a similar affirmative duty.
 
 
 12
 Mandel's jury instruction was also factually misleading. It stated that Castellano was a "federally licensed firearms manufacturer." (Appellant's Excerpt of Record at 91) This was not true. Castellano's license did not cover the type of weapons Mandel designed, and further, Castellano had failed to pay the special occupational tax required to maintain that license.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3